**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHEILA A WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-498-MTT** |
| | ) | |
| **Warden TIMOTHY SALES, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# ORDER

On October 22, 2026, Plaintiff Sheila A. Williams, proceeding pro se, filed her complaint against Timothy Sales, former Warden of Macon State Prison, Mrs. Wright, an administrative and segregation lieutenant, Correctional Officer Talliver, Correctional Officer Headley, Correctional Officer Jordan, L.T. Hatcher, former Correctional Officer Mrs. Hatchitt, and Julius Lamont Thompson, an inmate at Macon State Prison. ECF 1 at 1–3. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Williams's motion to proceed IFP (ECF 2) is **GRANTED**. But Williams's complaint lacks important factual allegations that Williams may have omitted because of her pro se status. Thus, the Court **ORDERS** Williams to amend her complaint by **December 11, 2026.**

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person

> who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Williams's IFP affidavit. Williams's affidavit establishes that she cannot pay the court fees without undue hardship. ECF 2. Thus, Williams's motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Williams is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Williams brings claims under 42 U.S.C. § 1983 for (1) wrongful death, (2) Eighth Amendment failure to protect and deliberate indifference, (3) "Due Process (Rewritten as Failure to Provide Constitutionally Adequate Protection While in Custody)," (4) retaliation, and (5) "Civil Conspiracy / Joint Action." ECF 1 at 6–10.

Williams's complaint suffers from several defects. Most importantly, Williams's complaint is a shotgun pleading. There are four main types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate[ ] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Each count in Williams's complaint incorporates all preceding allegations. The later counts incorporate not only the factual allegations but also the preceding causes of action. Williams also does not consistently identify which defendant is liable under which count.

The complaint also contains multiple sets of causes of action. *See* ECF 1 ¶¶ 32–41, 42–69. The sets have the same titles and appear to be repeated, but the first set includes fewer allegations than the second. *Id.*

Finally, Williams asserts that she "brings this action individually and as representative/personal representative of Decedent's estate for wrongful death." *Id.* ¶ 4. Williams does not allege that she is the duly appointed administrator or executor of the estate. *See Downing v. Brown*, 2026 WL 1416437, at *3 (11th Cir. May 20, 2026) (affirming dismissal where the plaintiff failed to establish that she was the duly appointed executor or administrator of the decedent's estate). Williams also appears pro se and does not allege that the estate has no other beneficiaries or creditors. *See Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023) ("[A]n executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors. In such a situation … an executor of such an estate does not bring his 'own case' and thus the estate must be represented by counsel.") (quoting 28 U.S.C. § 1654).

However, given Williams's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Williams is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate

statutory or constitutional authority for bringing her claims. Williams shall have until **December 11, 2026,** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Williams must link any claims she makes to a named defendant. If Williams fails to link a named defendant to a claim, the claim will be dismissed; if Williams makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Williams must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Williams list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Williams injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Williams's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013). Williams may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

After the plaintiff files her amended complaint, the Court will conduct a frivolity review and, if necessary, dismiss any claims pursuant to 28 U.S.C. § 1915(e)(2)(B). No defendant shall be served until after the Court completes its frivolity review of the amended complaint.

**C. Fed. R. Civ. P. 11 Obligations**

The Court informs Williams of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Williams's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. It is common knowledge that AI can produce what have become known as

hallucinations. This happens frequently in responses to legal-related prompts. AI often provides false legal citations and inaccurate summaries of legal authorities and principles. Courts have severely sanctioned lawyers and litigants who have included hallucinations in their filings. To assist Williams in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement certifying that Plaintiff has verified the accuracy of all facts and all legal authorities cited and legal theories advanced in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Williams's motion to proceed IFP (ECF 2) is **GRANTED**, and Williams is **ORDERED** to amend her complaint no later than **December 11, 2026.**

**SO ORDERED**, this 20th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT